IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:10-CR-9-2 |
| | § | |
| SUMMAR DAWN PARKER | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 13, 2012, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Summar Dawn Parker. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Making Counterfeited Obligations of the United States, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of I, was 12 to 18 months. Judge Leonard Davis sentenced Defendant to 6 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include 6 months of home confinement with electronic monitoring, substance abuse treatment and testing, and mental health treatment. On August 5, 2011, Defendant completed the term of imprisonment and began her term of supervised release. On April 23, 2012, in response to illicit drug use, Judge Leonard Davis modified the conditions of supervised release to include a special condition that Ms. Parker reside in a Community Sanctions Center ("CSC") for a period of 180 days.

In its petition, the government alleges that Defendant violated her terms of supervised release when: (1) she failed to obtain employment from August 5, 2011 until June 25, 2012; (2)

she admitted to methamphetamine use on December 14, 2011 and July 12, 2012; (3) she failed to submit numerous urine tests as directed,[1] failed to attend substance abuse counseling on November 29, 2011 and February 8, 2012, and attempted to falsify a urine test on July 12, 2012; and (4) she was unsuccessfully discharged from the CSC on July 12, 2012.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from unlawfully using a controlled substance. Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of her supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation.[2] U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of her supervised release by failing to obtain employment from August 5, 2011 until June 25, 2012; admitting that she used methamphetamine; failing to submit urine tests as directed; failing to attend substance abuse counseling; attempting to falsify a urine test; and being unsuccessfully discharged from the CSC on July 12, 2012, Defendant will have committed a Grade C violation. U.S.S.G § 7B1.1(a). Upon a finding of a Grade C violation, the Court may: (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

---

[1] Defendant failed to submit a urine test as directed on August 3, 2011; September 10, 2011; October 13, 20, and 26, 2011; December 13, 2011; January 30, 2012; February 3, and 11, 2012; March 6, and 15, 2012; and April 10, 2012.
[2] Defendant will also be in violation of Texas Health and Safety Code § 481.115.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 10 months including the 100 days of unserved community confinement time with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Summar Dawn Parker be committed to the custody of the Bureau of Prisons for a term of imprisonment of 10 months including the 100 days of unserved community confinement time with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be either FCI Bryan, Texas, or FMC Carswell, Texas.

Defendant has waived her right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 15th day of August, 2012.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE